IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-720-MOC-DSC

ANTHONY PARKER,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
SHAWN OWENS,　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss" (document #6) and "Memorandum in Support …" (document #7) filed December 22, 2017.

On January 4, 2018, the Court entered an "Order" "[i]n accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) … advis[ing] Plaintiff, who is proceeding pro se, that he has a right to respond to Defendant's Motion. The Court also advise[d] Plaintiff that failure to respond may result in Defendant being granted the relief he seeks, that is, the DISMISSAL OF THE COMPLAINT WITH PREJUDICE." Document #8 (emphasis in original).

The Court "allow[ed] until February 4, 2018 [for Plaintiff] to respond to Defendant's 'Motion to Dismiss' …" with three days for mailing. Id. That same day, the Clerk's office mailed a copy of the Order to Plaintiff.

On January 9, 2018, Plaintiff responded with a document captioned "Objection to Roseboro Order …" in which he challenged removal of this matter from state court. Document #9. Plaintiff has not responded to the Motion to Dismiss.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Complaint as true, this is an action alleging unlawful employment discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, <u>et. seq.</u> ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, <u>et. seq.</u> ("ADEA"). Plaintiff brings this action against his former supervisor Shawn Owens.

On November 30, 2017, Plaintiff filed his Complaint in Mecklenburg County Superior Court alleging Title VII and ADEA claims, as well as state law claims pursuant to the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422 et seq. ("NCEEPA"), the North Carolina Retaliatory Employment Discrimination Act, § 95-241, ("REDA"), and a common law claim for libel/defamation.

On December 14, 2017, Defendant removed the matter to this Court. Removal was proper based upon federal question jurisdiction. 28 U.S.C. § 1331 (district courts have subject matter jurisdiction in every civil action that "arises under the Constitution, laws, or treaties of the United States"); <u>Battle v. Seibels Bruce Ins. Co.</u>, 288 F.3d 596, 606-07 (4th Cir. 2002) (internal citations omitted).

On December 22, 2017, Defendant moved to dismiss arguing that he has no liability under Title VII, the ADEA or the NCEEPA.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior

era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Title VII, ADEA and NCEEPA Claims

Even taking the allegations of the pro se Complaint as true and construing every possible inference therefrom in Plaintiff's favor, his Title VII, ADEA and NCEEPA claims must be dismissed. The Fourth Circuit has held that supervisors are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An

analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations.") Accord Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994); Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 588 (9th Cir. 1993).

Similarly, there is no individual liability under the ADEA. Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (rejecting individual liability under the ADEA).

Finally, Plaintiff's NCEEPA wrongful discharge claim must be dismissed because North Carolina courts do not recognize such claims against supervisors in their individual capacity. Waters v. Collins & Aikman Prods. Co., 208 F. Supp. 2d 593, 595 (W.D.N.C. 2002) ("North Carolina does not recognize a claim against a supervisor in an individual capacity for wrongful discharge in violation of public policy.") (citing Cox v. Indian Head Industries, Inc., 187 F.R.D. 531, 536 (W.D.N.C. 1999)); Chung v. BNR, Inc./Northern Telecom, Inc., 16 F. Supp. 2d 632, 634 (E.D.N.C. 1997) ("This unambiguous language [of NCEEPA] provides no basis for plaintiff's claim against his individual supervisors . . . for wrongful discharge in violation of North Carolina Public Policy.").

Accordingly, Plaintiff's Title VII, ADEA and NCEEPA claims should be dismissed.

C. **Supplemental Jurisdiction of State Law Claims**

Once all federal claims have been dismissed, district courts may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); Shanaghan

v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. Chesapeake Ranch Water Co. v. Board of Com'rs of Calvert County, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims). See also Mercer v. Duke University, 401 F.3d 199, 202 (4th Cir. 2005); Pineville Real Estate Operation Corp. v. Michael, 32 F.3d 88, 90 (4th Cir. 1994).

"[I]t is well-settled that a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 (4th Cir. 2002) (citing Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (noting that circuit courts of appeal unanimously hold that power to remand is inherent in § 1367(c)).

Accordingly, for those reasons the undersigned respectfully recommends that this Court decline supplemental jurisdiction over Plaintiff's remaining state law claims.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss" (document #6) be **GRANTED** as to Plaintiff's Title VII, ADEA

and NCEEPA claims, that the Complaint be **DISMISSED WITH PREJUDICE** as to those claims, and that the Court **DECLINE SUPPLEMENTAL JURISDICTION** over Plaintiff's remaining state law claims.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, to defense counsel, and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 12, 2018

David S. Cayer
United States Magistrate Judge