UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00720-MOC-DSC

| | | |
|---|---|---|
| **ANTHONY PARKER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER OF DISMISSAL |
| | ) | |
| **SHAWN OWENS,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days (plus three days for service by mail inasmuch as plaintiff is proceeding *pro se*), all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

## FINDINGS AND CONCLUSIONS

### I. Applicable Standard

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo*

1

review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II. Discussion

The Court has given careful consideration to each Objection and conducted a *de novo* review as warranted.

Plaintiff, proceeding pro se, has filed documents entitled "Objections to Order Dated Febraury [*sic.*] 12, 2018' (#11) and "Reply to Defendants' [*sic.*] Limited Partial Objection to Courts' [*sic.*] Memorandum and Recommendation and Order" (#15). Defendant has filed a Response in Opposition to Plaintiff's Objections to Order Dated February 12, 2018" (#13). Defendant has also filed its own "Limited Partial Objection to the Court's Memorandum and Recommendation and Order" (#12).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

2

Turning first to plaintiff's Objections, plaintiff first contends that the magistrate judge lacked authority to "conduct civil proceedings and order entry of judgment" without the consent of the parties. Plaintiff is simply wrong as to the jurisdiction of magistrate judges, who are specifically authorized to preside over civil proceedings and enter orders on non-dispositive issues and recommendations on dispositive motions. 28 U.S.C. 636(b). While plaintiff is correct that a magistrate judge cannot enter judgment in a civil matter without the consent of the parties, 28 U.S.C. § 636(c), the magistrate judge has not entered a judgment in this case, but recommended that the undersigned dismiss his federal claims, as permitted under § 636(b)(1)(B). This objection is overruled.

Plaintiff's second objection appears to be to Judge Cayer's determination that federal question removal to this Court was appropriate. Plaintiff contends that this Court lacks jurisdiction to determine whether he has stated claims because those claims should be heard in state court. Plaintiff cites to the "violation of public policy requirement" under the NCEEPA as the reason this Court lacks jurisdiction to resolve his federal claims. While it is also unlawful under state law to discriminate against employees, and there may well have been ways to craft a complaint that avoided federal law, the removal in this case was occasioned by plaintiff's inclusion in his complaint of two federal causes of action, to wit, causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* This Court has original jurisdiction over those federal claims and defendant had an absolute right to remove those claims to this Court. The fact that plaintiff has also brought a claim under the NCEEPA, and other state law claims, in no manner impairs defendant's right to remove.

3

Finally, review of the docket reveals that defendant timely removed the state action to this Court. Plaintiff's Objection to Judge Cayer's finding that this action was properly removed is overruled.

While no objection is made to Judge Cayer's substantive finding, to wit, that there is no viable claim for supervisory liability under Title VII, the ADEA, or the NCEEPA, this Court fully concurs. Supervisors are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998). There is no individual liability under the ADEA. Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994). Likewise, North Carolina does not recognize a claim against a supervisor sued in an individual capacity for wrongful discharge in violation of public policy. Cox v. Indian Head Industries, Inc., 187 F.R.D. 531, 536 (W.D.N.C. 1999).

Finally, the Court has considered defendant's objection to Judge Cayer's recommendation that this Court decline to exercise supplemental jurisdiction and remand those claims to state court. Judge Cayer explained that declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. Chesapeake Ranch Water Co. v. Board of Comm'rs of Calvert County, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims). Defendant argues that judicial economy suggests that this Court should exercise supplemental jurisdiction, consider its Motion to Dismiss as to plaintiff's remaining state law claims, and dismiss those claims. Defendant argues that remanding the remaining claims to state court would require additional expense for the individual defendant and possibly require him to

4

defend against these charges in state and federal court simultaneously. He also cites related litigation filed by plaintiff which remains pending in this Court, to wit, Parker v. Curtis Wright Corp., 3:17cv639-MOC-DCK. It appearing that Judge Cayer was likely unaware of the pendency of the second Parker case because it was assigned to another magistrate judge, the Court will now exercise its discretion and take up the remainder of the motion as to the remaining supplemental claims even though Judge Cayer's recommendation is fully consistent with case law.

In determining whether a claim can survive a motion under Rule 12(b)(6), the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id. at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561 (alteration in original). Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual

5

enhancement." Id., at 557. Instead, a claimant must plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id. at 570 (emphasis added).

Post-Twombly, the Court revisited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability ...." Id. While the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint

6

must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. To survive a motion to dismiss, a plaintiff need not demonstrate that his right to relief is probable or that alternative explanations are less likely; rather, he must merely advance his claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. If the explanation is plausible, the Complaint survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Plaintiff has attempted to assert a claim under North Carolina's Retaliatory Employment Discrimination Act ("REDA"). Here, plaintiff fails to plausibly allege a claim under REDA because, as defendant has asserted in bar, he failed to first exhaust his state administrative remedies prior to bringing this action. North Carolina law is clear that an action under REDA cannot be brought unless plaintiff first files a REDA claim with the North Carolina Department of Labor and then receives a "right-to-sue" letter from the Commissioner of Labor. Brackett v. SGL Carbon Corp., 158 N.C.App. 252, 257 (2003) ("filing a REDA claim with the NCDOL is mandatory ... without a right-to-sue letter issued by the Commissioner of Labor, a plaintiff may not file a civil action for the alleged violation of REDA"). Review if the pleadings reveals that not only did plaintiff fail to respond to the Motion to Dismiss this claim, his Complaint is absolutely lacking in any allegation that he exhausted his state remedy or has in his possession a right to sue letter.

7

Plaintiff's REDA claim will, therefore, be dismissed.

Defendant has also moved to dismiss plaintiff's libel/defamation claim and plaintiff has again failed to respond to that motion. Review of the Complaint confirms that plaintiff has failed to state a plausible claim. To allege a claim under North Carolina law for libel, plaintiff must allege (1) a false statement about him, (2) published to a third person, (3) which caused injury to Plaintiff's reputation. Smith-Price v. Charter Behavioral Health Sys., 164 N.C. App. 349, 356 (2004). Even if the Court were to assume elements one and three, falsity and injury, plaintiff has not made any allegation as to element two, which requires publication to a third party. "There is no basis for an action for libel unless there is a publication of the defamatory matter to a person or persons other than the defamed person." Arnold v. Sharpe, 296 N.C. 533, 539 (1979) (citation omitted). Here, plaintiff's own Complaint is fatal to this claim as he alleged that his employer sent him the termination letter, which he received on September 23, 2017, indicating that he was being terminated for having sexually harassed a coworker. Complaint at ¶ 45. There simply is no allegation that this defendant published that letter to a third party. Accordingly, plaintiff has failed to state a claim for libel/defamation and this claim will also be dismissed.

After such careful review, the Court determines that the recommendation of the magistrate judge that plaintiff's federal claims and state law claim under the NCEEPA be dismissed is fully consistent with and supported by current law. While the recommendation that Court decline to exercise supplemental jurisdiction is also consistent with federal law, the Court declines to remand the remaining supplemental claims. After considering those claims under Rule 12(b)(6), the Court finds that plaintiff has failed to state viable claims

as a matter of settled law as more thoroughly discussed above. Further, the factual background and recitation of issues is supported by the applicable pleadings and are fully adopted. Based on such determinations, the Court will affirm the Memorandum and Recommendation as herein described and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#10) is **AFFIRMED** in part and **OVERRULED** in part based on the exercise of the Court's discretion and not legal error, the defendant's Motion to Dismiss (#6) is **GRANTED,** and this action is **DISMISSED** in its entirety with prejudice.

Signed: March 8, 2018



Max O. Cogburn Jr
United States District Judge