UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00720-MOC-DSC

| | |
|---|---|
| **ANTHONY PARKER,** | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | )     ORDER<br>) |
| **SHAWN OWENS,** | )<br>) |
| Defendant. | ) |

**THIS MATTER** is before the Court on plaintiff's Motion to Amend Order Dated March 8, 2018, Pursuant to Rule 60 (#17) (hereinafter "Motion to Amend"), which plaintiff filed March 12, 2018. Immediately after filing that motion, plaintiff filed a Notice of Appeal (#18). Thus, before the Court can address the substance of the motion, two procedural concerns must first be considered.

    **I.**    **Civil Rule 62.1**

Traditionally, the filing of an appeal divests the district court of jurisdiction. However, Rule 62.1 of the Federal Rules of Civil Procedure provides district court with the ability to address certain motions filed during the pendency of an appeal. In particular, Rule 62.1(a) provides, as follows:

> (a) **Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed.R.Civ.P. 62.1. Thus, if the Court were to determine that the instant motion filed after the Notice of Appeal, it would be limited to either denying the motion or providing the appellate court with an indicative ruling that it intended to grant the motion or that the motion raised an issue requiring additional consideration. Although it may have been fortuitous for plaintiff, it appears that the Motion to Amend was filed *before* the Notice to Appeal, albeit nearly instantaneously.

**II.  Appellate Rule 4(a)**

A court may consider, without resort to Rule 62.1, motions listed under Rule 4(a)(4) of the Federal Rules of Appellate Procedure, when they are filed before the Notice of Appeal. Here, the Motion to Amend was filed as pleading number 18 and the Notice of Appeal was filed as pleading number 19. The Court finds that consideration of the Motion to Amend under appellate Rule 4(a) is appropriate inasmuch as the Motion to Amend was filed first and, to the extent the filing may have been simultaneous, it is more advantageous for the plaintiff for such consideration to be plenary. While plaintiff cites Rule 60 in support of his Motion to Amend, Rule 59(e) governs motions to amend and Rule 60 provides for relief from judgment and orders based on clerical error, oversight, and mistakes. See Fed.R.Civ.P. 60; c.f. Fed.R.Civ.P. 59. However, both motions are listed under appellate Rule 4(a)(4). See Fed.R.App.P. 4(a)(4)(iv) & (vi). Thus, the Court may dispose of the instant motion by either granting or denying the relief sought therein. Fed.R.App.P. 4(a)(4)(B)(i).

The Court has fully reviewed plaintiff's Motion to Amend, the Memorandum attached thereto, and his exhibits. For cause, defendant states in relevant part that the "Court has not reviewed Plaintiff's Memorandum of Law supporting objections with evidence filed March 5, 2018." This is not an accurate statement. In its Order (#16) overruling plaintiff's Objections, this

Court specifically cites plaintiff's March 5th filling (#15) at page two of the Order. The Court then went on to address the only substantive argument made in that "Reply," which concerned plaintiff's mistaken conclusion that North Carolina, concerning identifying a public policy violated, as somehow precluding application of federal law to that claim <u>See</u> Reply (#15) at 1. Plaintiff was, as he continues to in the 32 pages he has now submitted, confused over the source of the right conferred and law that governs who can be sued by asserting that right. While the Court agrees that a claim under the NCEEPA springs from the public policy of North Carolina, that public policy is identical (for purposes of this discussion) to the rights plaintiff also asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. State and federal law are also harmonious on who can be sued under those provisions, and that does <u>not</u> include supervisors. <u>Chung v. BNR, Inc./N. Telecom, Inc.</u>, 16 F.Supp.2d 632, 634 (E.D.N.C.1997); <u>Lorbacher v. Housing Authority</u>, 493 S.E.2d 74, 79 (N.C.Ct.App.1997).

Much of the remainder of the Memorandum filed in support of the Motion to Amend attacks this Court's Order dismissing the action. <u>See</u> "Memorandum of Law Support Plaintiff's Motion to Amend Judgement Pursuant to Rule 60" (#18) (errors in the original). The Court has fully considered those arguments and can find no reason to alter or amend its decision dismissing this case. Plaintiff clearly does not acknowledge that by asserting federal causes of action in his Complaint in state court the defendant had the absolute right to remove those claims to this Court. Without such recognition as a starting point, the Court clearly understands plaintiff's confusion that under the state and federal law employment discrimination laws he has invoked, there is no

supervisory liability. Likewise, there is no persuasive basis for amending the Order dismissing the supplemental state law claims.

Plaintiff is advised that this Court takes no pleasure in dismissing his claims; however, its job is to follow the law as it is handed down. If plaintiff believes that this Court is wrong in its application or reading of the law, his recourse is to appeal to the Court of Appeals for the Fourth Circuit. There simply is no reason in any of the pleadings that he has filed to amend the earlier Order or Judgment, remand to state court, or allow this case to proceed any further. The Court will, therefore, deny the Motion to Amend for the reasons discussed herein and in its previous Order (#16), which is fully incorporated by reference.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Amend Order Dated March 8, 2018, Pursuant to Rule 60 (#18) is **DENIED**.

\*\*\*

Plaintiff is advised that, with the denial of his Motion to Amend, the Notice of Appeal is now effective. In accordance with Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), if plaintiff intends to also challenge this Order on appeal he must file a either a separate Notice of Appeal or an Amended Notice of Appeal, in compliance with appellate Rule 3(c), within the time prescribed under Rule 4(a)(1), which is measured from the date this Order is entered. Plaintiff is advised that no additional fee is charged for filing an Amended Notice of Appeal.

Signed: March 12, 2018

Max O. Cogburn Jr
United States District Judge